﻿Citation Nr: AXXXXXXXX
Decision Date: 03/21/19 Archive Date: 03/21/19

DOCKET NO. 181020-1528
DATE: March 21, 2019

ORDER

Entitlement to service connection for diabetes mellitus, type II, (DM) is denied.

Entitlement to service connection for prostate cancer is denied.

FINDINGS OF FACT

1. The Veteran was not exposed to herbicide agents in service.

2. The preponderance of the evidence is against finding that DM began during active service or is otherwise related to an in-service injury or disease.

3. The preponderance of the evidence is against finding that prostate cancer began during active service or is otherwise related to an in-service injury or disease.

CONCLUSIONS OF LAW

1. The criteria to establish service connection for DM have not been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309.

2. The criteria to establish service connection for prostate cancer have not been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program.

The Veteran served on active duty in the United States Navy from March 1970 to January 1976 and the United States Army from May 1983 to June 1995.

The Veteran selected the Higher-Level Review lane when he submitted the RAMP election form. Accordingly, the August 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

The August 2018 RAMP decision denied entitlement to service connection for DM and prostate cancer.

Service Connection

A Veteran is entitled to VA disability compensation if there is a disability resulting from personal injury suffered or disease contracted in the line of duty in active service, or for aggravation of a preexisting injury suffered or disease contracted in the line of duty in active service. 38 U.S.C. §§ 1110, 1131.

Generally, to establish a right to compensation for a present disability, a veteran must show: (1) a present disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service, the so-called “nexus” requirement. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that a disease was incurred in service. 38 C.F.R. § 3.303(d). 

A Veteran who during active military, naval, or air service served in the Republic of Vietnam during the period beginning January 9, 1962 and ending on May 7, 1975 shall be presumed to have been exposed during such service to an herbicide agent, unless there is affirmative evidence establishing that the Veteran was not exposed to any such agent. 38 U.S.C. § 1116(f); 38 C.F.R. § 3.307(a)(6). 

To benefit from the presumption of service connection for diseases associated with herbicide agent exposure, the Veteran must have one of the diseases enumerated in 38 C.F.R § 3.309(e), which include DM and prostate cancer. However, diseases not enumerated in said regulation do not preclude service connection on a direct basis. See Combee v. Brown, 34 F.3d 1039, 1045 (Fed. Cir. 1994).

DM and Prostate Cancer

The Veteran does not claim that his DM or prostate cancer began in service and have continued to date, or are related to any event of service outside of his claimed herbicide agent exposure. Rather, he argues he was exposed to herbicide agents while onboard the U.S.S. Thomaston. See February 2018 Exhibit C; see also February 2018 notice of disagreement (NOD). Because of his exposure, he contends he is entitled to service connection on a presumptive basis. See February 2018 NOD. 

The AOJ found that the Veteran has current diagnoses of DM and prostate cancer. As stated above, VA also has found a medical link between herbicide agent exposure, and DM and prostate cancer. 38 C.F.R. § 3.309.

Therefore, the outcome determinative issue in this case is whether the Veteran was exposed to herbicide agents while on active duty. Here, the Veteran submitted an excerpt of a document he accessed on February 21, 2018 and claimed he was on a ship that VA found to have “conducted numerous troop and supply landings with small boats at Da Nang, Cam Ranh Bay, Song Co Chien River area, and Cua Viet River area from 1965 to 1972 [Note: no AO exposure for 1975 operations].” See, e.g., Navy and Coast Guard Ships Associated with Service in Vietnam and Exposure to Herbicide Agents (accessed February 21, 2018) (emphasis added). 

Thus, the Board’s inquiry is two-fold. First, the question is whether the Veteran served on the U.S.S. Thomaston from 1965 to 1972. The second is whether he was exposed to herbicide agent while aboard the ship. As the Board finds the Veteran was not on the U.S.S. Thomaston during that time, and the Veteran has not explained how he was exposed to herbicide agents otherwise, the claim is denied.

The Board first notes the Veteran’s military personnel records do not show that he was aboard the U.S.S. Thomaston from 1965 to 1972. Rather, he served at naval hospitals in California and Illinois until late 1972. See military personnel record. Further, his thorough military personnel records do not show he was aboard that ship while in the Navy.

Further, in September 2002, the Veteran applied for VA compensation. See September 2002 VA Form 21-526. He affirmed he did not serve in Vietnam. Id. He also affirmed he was not exposed to “Agent Orange or other herbicides.” Id. 

The Veteran ultimately believes VA’s literature on the U.S.S. Thomaston proves he was exposed to Agent Orange. See February 2018 NOD. However, this does not answer the question of whether he was on that ship while in the Navy from 1965 to 1972. The Veteran did not indicate when or where he was on the U.S.S. Thomaston, and the record does not show he was on the ship. Thus, he is not presumed exposed to herbicide agents, and has not described how he would have been exposed on a facts-found basis.

In short, the preponderance of the evidence is against finding that the Veteran’s was exposed to herbicide agents while in service; as a result, his DM or prostate cancer was not caused or aggravated by an in-service disease, injury, or event. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102. Therefore, the appeal must be denied.

 

DONNIE R. HACHEY

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD M. Salazar, Associate Counsel